IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YOLANDA NELLUMS WILSON ) | |
| ) | COMPLAINT |
| Plaintiff, ) | |
| ) | Civil Action No.  4:12-cv-00185 |
| v. ) | |
| ) | |
| THE SOURCE FOR PUBLIC DATA, L.P. ) | |
|  d/b/a PUBLICDATA.COM ) | |
| ) | |
| Defendant. ) | JURY REQUESTED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended*.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

**PARTIES**

4. Plaintiff Yolanda Nellums Wilson is an adult individual who resides in Rosharon, Brazoria County, Texas.

5. Defendant The Source for Public Data, L.P. d/b/a/ PublicData.com ("PublicData") is a Texas Limited Partnership that regularly conducts business in the Southern District of Texas, and which has a principal place of business located at 7750 N. MacArthur Boulevard,  Suites 120-290, Irving, TX 75063.  It may be served with notice through its registered agent John Collins, 900 Jackson St., ste 330, Dallas, Texas 75202.

## **FACTUAL ALLEGATIONS**

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal record to third parties ("inaccurate information").

7. The inaccurate information includes, but is not limited to, 1997 charges of first degree felony abandonment of a child, and 1997 charges of a first degree felony of endangering the welfare of a child.

8. The inaccurate information negatively reflects upon the Plaintiff and paints her as a serial criminal and as a dangerous threat to children. The inaccurate information consists of incorrect statements which misrepresent her criminal history as well as incorrect personal identifying information.

9. The derogatory inaccuracies appear to be caused by the Defendant's mixing of Plaintiff, Yolanda **Nellums** Wilson's consumer report with that of Yolanda **Renee** Wilson's. Any rudimentary inspection of the data would reveal the inaccuracy. Defendant obviously failed to employ such a procedure.

10. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate information and consumer reports it has disseminated to various persons and potential employers, both known and unknown.

11. Plaintiff has applied for and has been denied employment as a research data coordinator for a children's cancer research and treatment center near her home in Texas, and Plaintiff has been informed that the basis for this denial was the inaccurate information that appears on Plaintiff's consumer report and that the inaccurate information was a substantial factor for the denial.

12. Plaintiff's consumer reports and file have been obtained from Defendant and have been reviewed by at least one prospective employer, and the inaccurate information has

been a substantial factor in precluding Plaintiff from receiving offers and opportunities for employment.

13. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of (a) lost employment opportunities, (b) harm to reputation, and (c) emotional distress, including humiliation and embarrassment.

14. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT ONE- VIOLATIONS OF THE FCRA

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

17. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

19. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e.

20. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**JURY TRIAL DEMAND**

21.     Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)     Statutory damages;

(b)     Actual damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o;  and

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**BARRON & NEWBURGER, PC.**

By: _/s/_____
Mark L. Aschermann
State Bar No. 01368700
Southern District ID no 4085
6300 West Loop South, Suite 341
Bellaire, Texas 77401
(713) 942-0808 Telephone
(713) 942-0449 Facsimile

**FRANCIS & MAILMAN, P.C.**

BY:     _/s//_____
Mark D. Mailman, Esquire (*pro hac pending*)
Erin A. Novak, Esquire (*pro hac pending*)
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
ATTORNEYS  FOR PLAINTIFF
YOLANDA NELLUMS WILSON